UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-62324-CIV-GAYLES

QUINTON L. McGIRT,
        Plaintiff,

v.

BROWARD COLLEGE; LINDA A. WOOD,
*individually and in her official capacity*;
CITY OF CORAL SPRINGS; and
ANTHONY PUSTIZZI, *individually and
in his official capacity*,
        Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on two motions: Defendants Anthony Pustizzi and the City of Coral Springs' (the "City") Motion to Dismiss [ECF No. 20]; and Defendants District Board of Trustees of Broward College, Florida ("Broward College")[1] and Linda A. Wood's Motion to Dismiss and Alternative Motion to Strike [ECF No. 10]. Plaintiff Quinton L. McGirt's Complaint alleges several claims against the Defendants arising from his expulsion from the police academy operated by Broward College and from the subsequent termination of his employment with the City of Coral Springs Police Department. The Court has considered the Complaint, the parties' briefs, and the applicable law. For the reasons that follow, the Defendants' motions shall be granted in part and denied in part.

---

[1] "Broward College," named in the Complaint as a Defendant, is not a proper party to this suit. *See* Broward College/Wood Mot. at 2 n.2. Broward College is a "Florida College System institution," as defined by the Florida K-20 Education Code. *See* Fla. Stat. §§ 1001.60(2), 1000.21(3)(b). Each institution within the Florida College System is governed by a local board of trustees, each of which has been "constituted a body corporate by the name of 'The District Board of Trustees of (name of Florida College System institution), Florida,'" by the Florida Legislature. *Id.* § 1001.63. Each institution's local board of trustees—in this case, the District Board of Trustees of Broward College, Florida—is the governing entity with the power to sue or be sued. *Id.*

1

I.   BACKGROUND

The Court recites only the facts pertinent to ruling on the instant Motions. According to the allegations in the Complaint, Plaintiff Quintin McGirt, an African-American man, was employed during the relevant time period by the City of Coral Springs Police Department (the "Police Department"). McGirt is thirty-two years old, has a Bachelor's Degree in Criminal Justice from Florida Atlantic University, and has resided in Coral Springs, Florida, for eighteen years. During his employment with the Police Department as a Traffic Accident Investigator/Police Service Aid from January 2012 to December 2013, he received numerous awards and commendations, as well as positive performance reviews. In December 2013, the Police Department promoted McGirt to Law Enforcement Trainee and sponsored him to begin training to become a police officer.

In January 2014, McGirt matriculated at the Institute of Public Safety (the "Police Academy"), operated by Defendant Broward College. Over the following months, three separate "incidents" occurred. Compl. ¶¶ 15, 17-18. First, when an instructor was addressing the class regarding the potential liability of overweight police officers, McGirt uttered the name of a physically fit cadet in the class as a joke. The instructor reprimanded McGirt for being "disruptive." *Id.* ¶ 15. He also told McGirt that he had received a phone call from the City during which someone told him McGirt "did not belong in the Police Academy." *Id.* ¶ 15. Second, another cadet aggressively confronted McGirt during a physical training session, but McGirt did not respond. Third, McGirt was accused of disrupting the class by making a comment during a break that two female cadets perceived to be sexual in nature. After he made this comment, another cadet, Nieves, made a gesture simulating an oral sex act. McGirt alleges he was wrongfully accused of making the sexual gesture, rather than Nieves. Following this incident, Defendant Linda Wood, the Dean of Broward College, recommended that McGirt be removed from the class.

On March 28, 2014, Defendant Anthony Pustizzi, the City's Chief of Police, recommended to the City that McGirt's employment with the Police Department be terminated based on his removal from the Police Academy. Wood ultimately expelled McGirt from the Police Academy. The City placed McGirt on leave with pay pending further notice. While McGirt was on leave, City police officers took statements of several cadets who identified Nieves as the person who made the sexual gesture. Nieves, after hearing of the accusation against McGirt for his own action, admitted to making the gesture. Nieves remained in the Police Academy and received a written reprimand regarding this incident two months after graduating. McGirt's employment with the City was ultimately terminated.

On April 17, 2014, McGirt, through counsel, made a written public records request of Broward College. He sought to inspect and copy several records pertaining to his tenure at the Police Academy. *See* Compl. Ex. F. In response to this request, Broward College produced seventy-eight pages of documents. Two months later, McGirt, again through counsel, made a written public records request of the City, seeking, *inter alia*, Nieves's disciplinary records. *See* Compl. Ex. D. The City responded to the request, but its response did not include Nieves's disciplinary records or audiotapes of witness statements. McGirt also discovered that the City had produced documents that were responsive to his request of Broward College but which Broward College itself did not produce.

On August 29, 2014, at a formal hearing regarding McGirt's termination, a hearing officer upheld the decision to terminate. *See* Compl. Ex. G. Thereafter, McGirt filed a charge of racial discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against the City and Broward College. On August 14, 2015, the EEOC issued right-to-sue letters for both the City and Broward College. *See* Compl. Ex. H.

McGirt filed a Complaint in this Court on November 3, 2015. He asserts seven claims: race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, against the City (Count I) and Broward College (Count II); due process and equal protection violations against the City and Pustizzi (Count III); conspiracy to commit due process and equal protection violations against Wood and Pustizzi (Count IV); violations of Florida's Public Records Act, Fla. Stat. § 119.01 *et seq.*, against the City (Count V) and Broward College (Count VI); and defamation against the City (Count VII). He seeks declaratory and injunctive relief in several forms against various Defendants, as well as compensatory and punitive damages against all Defendants.

The Defendants have moved to dismiss all claims. Additionally, Broward College has moved to strike McGirt's claim for punitive damages against it, and Wood has moved to strike all claims for monetary damages against her in her official capacity. McGirt opposes the motions.

## II.  LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). The Eleventh Circuit has promulgated a "two-pronged approach" in applying this principle: first, "eliminate any allegations in the complaint that are merely legal conclusions"; and second, "where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir.

1998). At bottom, the question is not whether the plaintiff "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer,* 562 U.S. 521, 530 (2011).

## III.   DISCUSSION

### A.   *Consent to Dismissal of Counts II, III, IV, and VII, and Request for Leave to Amend*

At the outset, McGirt agrees that that the Defendants' motions to dismiss should be granted as to Counts II, III, IV, and VII, recognizing that, in many of these instances, he has failed to allege sufficient facts to state a plausible claim. Based on his agreement, the motions to dismiss these claims shall be granted. Counts III, IV, and VII shall be dismissed without prejudice. Count II (Title VII claim against Broward College), however, shall be dismissed *with* prejudice: McGirt concedes he was not employed by Broward College, *see* Pl.'s Broward College/Wood Opp'n at 3, and a student who is not an employee of an institution "cannot invoke the protections of Title VII" against that institution. *Hajjar-Nejad v. Geo. Wash. Univ.*, 873 F. Supp. 2d 1, 14 (D.D.C. 2012).

McGirt also requests, within his opposition briefs to the motions to dismiss, that the Court grant him leave to amend his Complaint to correct these deficient claims.[2] Federal Rule of Civil Procedure 15(a)(1) provides that a party may amend his pleading once as a matter of course within either twenty-one days after serving it, or twenty-one days after service of a required responsive pleading or motion filed under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). As that period of time has passed in this case, McGirt may amend his pleading only with the opposing parties' written consent or the Court's leave, which the Court "should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Bank v. Pitt*, 928 F.2d 1108, 1112

---

[2]   *See* Pl.'s Broward College/Wood Opp'n at 3 ("Defendant's Motion to Dismiss . . . should be . . . GRANTED without prejudice as to Counts II and IV with Plaintiff being GRANTED leave to amend those Counts."); Pl.'s City/Pustizzi Opp'n at 9 ("Defendant's Motion to Dismiss should be . . . GRANTED without prejudice as to Counts III, IV, and VII with Plaintiff being GRANTED leave to amend those Counts.").

5

(11th Cir. 1991) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend his complaint before the district court dismisses the action with prejudice."). However, "[w]here a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly," *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009) (quoting *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1222 (11th Cir. 1999)) (internal quotation marks omitted). "Filing a motion is the proper method to request leave to amend a complaint," *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999), and in moving for leave to amend, a plaintiff must comply with Rule 7(b) by either "set[ting] forth the substance of the proposed amendment or attach[ing] a copy of the proposed amendment," *Satz*, 181 F.3d at 1279.

McGirt has done none of these things. He has not filed a motion, his request for leave to amend is secondary to his responses in opposition, he has not attached a copy of the proposed amendment, and he has not *sufficiently* set forth the substance of his amendment. If McGirt is so willing to agree with the Defendants that several of his claims are deficient as currently pled, the Court questions why he did not immediately file an amended complaint to correct these deficiencies (as he would have been permitted to do under Rule 15(a)(1)) rather than filing opposition briefs containing these requests, which led to the Defendants expending time and resources to draft and file reply briefs, and which ultimately leads to the Court expending its own time and resources to rule on motions that he agrees, in large part, should be granted. Accordingly, the Court finds that McGirt must file a separate motion for leave to amend under Rule 15(a)(2).

      **B.**    *Title VII Claim Against the City (Count I)*

McGirt argues that the City terminated his employment because of his race, in violation of Title VII. To survive a motion to dismiss, a plaintiff must allege facts sufficient to state a plausible prima facie case of discrimination: (1) he was a member of a protected class; (2) he was

6

qualified for the job; (3) he suffered an adverse employment action; and (4) he was "treated less favorably than a similarly situated individual outside [his] protected class." *Maynard v. Bd. of Regents of Div. of Univ. of Fla. Dep't of Educ.*, 342 F.3d 1281, 1289 (11th Cir. 2003).[3] The City does not dispute that McGirt satisfies the first three elements, but argues that he has not alleged facts sufficient to support the fourth element—the existence of a similarly situated comparator.

To make a comparison of a plaintiff's treatment to that of an employee outside the protected class, the plaintiff must show that he and the other employee are similarly situated "in all relevant respects." *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1091 (11th Cir. 2004). In determining whether employees are, in fact, similarly situated, "it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways." *Silvera v. Orange Cnty. Sch. Bd.*, 244 F.3d 1253, 1259 (11th Cir. 2001) (citation and internal quotation marks omitted). "The most important factors in the disciplinary context . . . are the nature of the offenses committed and the nature of the punishments imposed." *Jones v. Bessemer Carraway Med. Ctr.*, 137 F.3d 1306, 1311 (11th Cir.), *opinion modified by* 151 F.3d 1321 (11th Cir. 1998).

McGirt contends that Nieves is a suitable comparator because he was also employed by the City as a Law Enforcement Trainee, he is not African-American, and he was only issued a written reprimand for performing the sexual hand gesture. Given the relatively fact-specific nature of Title VII discrimination claims, the Court finds that McGirt has alleged facts sufficient to withstand a motion to dismiss. Viewing the allegations in the light most favorable to McGirt, it is plausible that the City considered the sexual hand gesture to be much more significant when it

---

[3] Notably, a Title VII claimant's prima facie case is an evidentiary standard, not a pleading requirement, so the Complaint need not establish every element of a prima facie case. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002). McGirt must, however, provide "enough factual matter (taken as true) to suggest" a plausible claim of discrimination. *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 976 (11th Cir. 2008); *see also Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300-01 (11th Cir. 2010) (noting that, post-*Iqbal,* a plaintiff must allege a prima facie case of discrimination).

7

was thought that McGirt performed it, as it led to his removal from the Police Academy and ultimately led to the termination of his employment. However, when the truth came out that it was *Nieves* who performed the gesture, and *not* McGirt, Nieves received only a written reprimand *after* he graduated from the Police Academy. For the purposes of this motion, the Court concludes that McGirt has sufficiently alleged that he and Nieves are similarly situated. Thus, the City's motion to dismiss Count I shall be denied.

    **C.**    *Public Records Act Claims Against the City (Count V) and Broward College (Count VI)*

Florida's Public Records Act provides that "[i]t is the policy of [the State of Florida] that all state, county, and municipal records are open for personal inspection and copying by any person. Providing access to public records is the duty of each agency." Fla. Stat. § 119.01. The Act further provides that "[i]f a civil action is filed against an agency to enforce the provisions of this chapter and if the court determines that such agency unlawfully refused to permit a public record to be inspected or copied, the court shall assess and award, against the agency responsible, the reasonable costs of enforcement including reasonable attorney's fees." *Id.* § 119.12.

McGirt's Public Records Act claim against the City alleges that the City's response to his request omitted some of Nieves's disciplinary record and audiotapes of witness statements, both of which he sought access to in his counsel's original request. *See* Compl. ¶¶ 39-40; Compl. Exs. E & F. Based only on the allegations set forth in the Complaint, the Court cannot say that the City's nondisclosures of these specific documents were permissible and that McGirt is unable to sustain a claim under the Public Records Act. *Corbett v. TSA*, 968 F. Supp. 2d 1171, 1190 (S.D. Fla. 2012). Therefore, the City's motion to dismiss Count V shall be denied.

McGirt's Public Records Act claim against Broward College alleges that the City produced documents in response to his public records request that also fell under the scope of documents that

8

Broward College should have produced, but which Broward College failed to produce. Compl. ¶ 41. These allegations are insufficient to withstand *Twombly*/*Iqbal* scrutiny. A conclusory assertion that Broward College committed a Public Records Act violation without identifying what documents or categories of documents it allegedly failed to provide does not "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010) (citation and internal quotation marks omitted). Accordingly, Broward College's motion to dismiss Count VI shall be granted.[4]

McGirt, apparently recognizing his deficient pleading against Broward College, here also requests leave to amend his Complaint, as he did in response to the Defendants' arguments on other Counts. He contends he can "easily identify [Broward College] documents that were produced by [the City] that clearly existed at the time of Plaintiff's public records request to [Broward College] and were not produced by [Broward College]." Pl.'s Broward College/Wood Opp'n at 5. For the reasons explained above, *see supra* Section III.A, McGirt's imbedded request for leave to amend is denied without prejudice.[5]

## IV.   CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that the Defendants' motions to dismiss [ECF Nos. 10 & 20] are **GRANTED IN PART** and **DENIED IN PART** as follows:

(1)   the motion to dismiss Count II of the Complaint is **GRANTED**; this claim is **DISMISSED WITH PREJUDICE**;

---

[4] Because the Court is dismissing Count VI for failure to state a claim under Fed. R. Civ. P. 12(b)(6), Broward College's alternative motion to dismiss Count VI for lack of subject matter jurisdiction shall be denied as moot.

[5] Because the Court has dismissed all claims against Broward College and against Wood, their motion to strike portions of the damages clause shall be denied as moot. Had any claims against these parties remained, however, the Court would still have granted this motion. Given this, and given McGirt's agreement in his opposition that this motion should have been granted, the Court instructs McGirt to exclude these portions of the damages clause should he seek to amend his Complaint.

(2) the motions to dismiss Counts III, IV, VI, and VII of the Complaint are **GRANTED**; these claims are **DISMISSED WITHOUT PREJUDICE**;

(3) the motion to dismiss Counts I and V of the Complaint are **DENIED**; Defendant City of Coral Springs shall **ANSWER** these claims within the time provided by the Federal Rules of Civil Procedure;

(4) Defendant Broward College's motion to dismiss Count VI of the Complaint for lack of subject matter jurisdiction is **DENIED AS MOOT**;

(5) Defendant Broward College and Linda A. Wood's motion to strike portions of the damages clause is **DENIED AS MOOT**; and

(6) the Plaintiff's imbedded requests for leave to amend the Complaint are **DENIED WITHOUT PREJUDICE**. If the Plaintiff wishes to amend his Complaint, he must file a motion pursuant to Fed. R. Civ. P. 15(a)(2).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of March, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE